# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | | |
|---|---|---|---|
| TRAVIS MILES, | ) | | |
| | ) | | |
| Petitioner, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:16-CV-00327-PLR |
| | ) | | |
| UNITED STATES OF AMERICA, | ) | | |
| | ) | | |
| Respondent. | ) | | |

## MEMORANDUM OPINION

Federal inmate Travis Miles has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Respondent has filed a response in opposition to the petition. Having considered the pleadings and the record, along with the relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and Miles' § 2255 motion will be denied.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2014, Miles pleaded guilty and was convicted of possessing a firearm as a felon in violation of 18 U.S.C. § 922(g) [*See* Doc. 15 in No. 3:14-CR-100]. Based on his prior convictions, which included three burglaries and one aggravated burglary, Miles was deemed an armed career criminal [Doc. 16 ¶¶ 20, 28, 34, 37, 39, 59 in No. 3:14-CR-100]. At sentencing, this Court imposed the statutorily-mandated minimum sentence of 180 months' imprisonment [Doc. 22 in No. 3:14-CR-100]. Miles did not appeal. On June 14, 2016, with the assistance of counsel, Miles filed the instant § 2255 motion, alleging that his status as an armed career criminal is no longer valid after

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record conclusively show that the prisoner is not entitled to relief. *See* 28 U.S.C. § 2255(b). It is the prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). Accordingly, where "the record conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

the Supreme Court's decision in *Johnson v. United States*, which invalidated the residual clause of the Armed Career Criminal Act "(ACCA") [Doc. 1]. *Johnson v. United States*, 135 S. Ct. 2551 (2015). The United States was ordered to respond to Miles' allegations, and it complied with the order by filing a response in opposition to the motion on July 18, 2016 [Doc. 3].

II.     **LEGAL STANDARD**

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

III.    **ARMED CAREER CRIMINAL ACT STANDARDS**

The ACCA requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague and violative of due process. *Johnson*, 135 S. Ct. at 2563.

However, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony." *Id*. Therefore, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *See, e.g., Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Accordingly, post-*Johnson*, a defendant can properly receive an ACCA-enhanced sentence based either on the statute's use-of-force or enumerated-offense clauses. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts apply the "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

## IV. ANALYSIS

Miles claims that his aggravated burglary and burglary convictions are no longer ACCA predicates after *Johnson*, as they only qualify as "violent felonies" under the now-void residual clause [*See* Doc. 1 p.2]. As noted above, a burglary offense constitutes a predicate offense for purposes of the enumerated-offense clause of the ACCA when the offense's statutory definition substantially corresponds to the "generic" definition of burglary, which the Supreme Court has defined as "any crime, regardless of its exact definition or label, having the basic elements of

3

unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990).

The Tennessee burglary statute under which Miles was convicted provides that an individual commits burglary when, "without the effective consent of the property owner," he:

(1) Enters a building other than a habitation (or any portion thereof) not open to the public, with intent to commit a felony, theft or assault;

(2) Remains concealed, with the intent to commit a felony, theft or assault, in a building;

(3) Enters a building and commits or attempts to commit a felony, theft or assault; or

(4) Enters any freight or passenger car, automobile, truck, trailer, boat, airplane or other motor vehicle with intent to commit a felony, theft or assault or commits or attempts to commit a felony, theft or assault.

Tenn. Code Ann. § 39-14-402(a). Burglary under subsections (a)(1) through (a)(3) is a Class D felony, while burglary under subsection (a)(4) is a Class E felony. *See* Tenn. Code Ann. § 39-14-402(c),(d).

Tennessee's burglary statute is "divisible," in that it lists elements in the alternative to define several different variants of the crime. *See United States v. Davis*, 737 F. App'x 736, 739 (6th Cir. June 13, 2018); *Lofties v. United States*, 694 F. App'x 996, 1000 (6th Cir. June 1, 2017). When considering whether a conviction under a divisible statute qualifies as a predicate offense under the enumerated-offense clause of the ACCA, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of conviction. *See, e.g., Mathis*, 136 S. Ct. at 2249. Under this approach, courts may review a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction and compare that crime to the generic offense. *See id.; see also Shepard v. United States*, 125 S. Ct. 1254 (2005).

In this case, a review of the *Shephard* documents associated with Miles' burglary convictions show that Miles was convicted of Class D felonies, necessarily indicating violations of subsection (a)(1), (2), or (3) of the burglary statute [Doc. 27-1 in No. 3:14-CR-100]. Binding circuit precedent holds that violations of these subsections constitute generic burglary, and therefore, such violations are violent felonies under the enumerated-offense clause of the ACCA. *See United States v. Ferguson*, 868 F.3d 514, 515 (6th Cir. 2017); *Priddy*, 808 F.3d at 684-85; *see also United States v. Eason*, 643 F.3d 622, 624 (8th Cir. 2011) ("Subparts (1) – (3) of [§ 39-14-402] plainly set forth the elements of generic burglary as defined by the Supreme Court in *Taylor*."). Accordingly, Miles' three burglary convictions qualify as ACCA predicates, and he is properly classified as an armed career criminal.

Moreover, the Supreme Court has held that aggravated burglary under Tennessee law[2] is generic burglary within the meaning of the ACCA, and thus, a conviction under the statute is a violent felony under the ACCA's enumerated-offense clause. *United States v. Stitt*, 139 S. Ct. 399, 406-07 (2018). Therefore, Miles' conviction for aggravated burglary also qualifies as an ACCA predicate.

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. Miles must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that

---

[2] Aggravated burglary is burglary of a habitation. *See* Tenn. Code Ann. § 39-14-403(a).

reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

V. **CONCLUSION**

For the reasons stated above, Miles has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**. A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Order will enter.**

**PAMELA L. REEVES**
**CHIEF UNITED STATES DISTRICT JUDGE**